[Cite as *Like v. Ohio Dept. of Transp.*, 2009-Ohio-7146.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONALD J. LIKE, JR.

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-06893-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

On August 4, 2009, at approximately 10:00 a.m., plaintiff, Donald J. Like, Jr., was traveling north on Interstate 75 in Dayton "between exits of 55 & 57 B" when his 2006 Buick Terraza van struck "a very large pothole" causing tire and rim damage to his vehicle.  Plaintiff asserted that the damage to his vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as the "very large pothole" his van struck. Plaintiff filed this complaint seeking to recover $1,169.41, the cost of replacement parts and related repair expenses he incurred resulting from the described August 4, 2009 incident.  The filing fee was paid.

Defendant observed that ODOT's "investigation reveals that on the date of plaintiff's alleged incident this section of I-75 was under construction."  Defendant explained that the particular construction project on Interstate 75 was under the control

of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant related that the construction "project dealt with grading, draining, resurfacing with asphalt concrete and reconstructing numerous structures in Montgomery County on I-75 between county mileposts 13.11 to 14.58 or state mileposts 53.98 to 55.50." According to plaintiff's description, the damage-causing pothole was located at some point between state mileposts 55.00 and 57.00. The pothole that damaged plaintiff's van may or may not have been located within the limits of the Interstate 75 construction project. Defendant asserted that Kokosing, by contractual agreement, is responsible for any mishaps in the area where they are working. Defendant seemingly argued that plaintiff's damage incident occurred within the limits of the construction project. Therefore, ODOT contended that Kokosing is the proper party defendant in this action, despite the fact all construction work was to be performed in accordance with ODOT requirements, specifications, and approval. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. See *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Furthermore, despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with a duty to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

In order to prove a breach of the duty to maintain the highways, plaintiff must

prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Alternatively, defendant denied that neither ODOT nor Kokosing had notice of the pothole plaintiff's van struck. Defendant asserted that plaintiff failed to offer any evidence to prove his property damage was attributable to any conduct on either the part of ODOT or Kokosing.

Defendant submitted a letter from Kokosing representative, Pam J. LeBlanc, summarizing her investigation of the events of August 4, 2009 in the Interstate 75 construction area. LeBlanc noted that she contacted plaintiff who stated he was driving in the center lane of Interstate 75 when the car in front of him braked and he, in turn, "veered, damaging his passenger side front and rear tires." According to LeBlanc, no potholes were reported in the area by Kokosing personnel on either August 3, 2009 or August 4, 2009. LeBlanc speculated that plaintiff did not strike a pothole with his van, but rather struck "some barrier wall or he ran over something and drove on flat tires without knowing it." LeBlanc was not a witness to plaintiff's August 4, 2009 property damage incident.

Defendant submitted copies of Kokosing "Daily Job Report" for August 3, 2009 and August 4, 2009 outlining work performed in the construction project area on those two dates. The report for August 3, 2009 bears the notation: "checked 75 N & S for pot holes, all O.K." The report for August 4, 2009 bears the notation: "patched potholes on 75 NB N of D-1 in Center lane and right lane." According to this report, 3000 lbs. of asphalt was used to patch the potholes in the center and right lanes of Interstate 75 North. Defendant submitted copies of Kokosing "Long Term Work Zone Review" reports for August 3, 2009 and August 4, 2009. Under the "additional comments" line for August 3, 2009 is the writing: "checked 75 N & S for pot holes all O.K." Under the "additional comments" entry for August 4, 2009 is the writing "Patched potholes on 75 NB north of D-1 center lane and right lane rest of 75 was all OK." According to the "Long Term Work Zone Review" for August 4, 2009, work commenced at 6:00 a.m. on

that date. Defendant pointed out D-1 refers to "Ramp D-1" which is located at milepost 54.0 on Interstate 75. Plaintiff located his damage incident between mileposts 55.0 and 57.0. Defendant submitted ODOT maintenance records that show ODOT personnel patched potholes on Interstate 75 North between mileposts 56.0 and 65.3 on April 9, 2009. Potholes were patched between mileposts 57.0 and 61.0 on July 31, 2009.

Plaintiff filed a response insisting that his van struck a pothole on Interstate 75 North through Dayton. Plaintiff recalled that the pothole was located south of "the entrance ramp going on to 75 N which was closed on 08-04-09." Plaintiff pointed out he initially thought that the damage-causing pothole was located "between exit 55 and 57B," but subsequently determined "it was farther south than that now probably around exit 47." Plaintiff did not provide any evidence to establish the length of time the particular damage-causing pothole existed prior to 10:00 a.m. on August 4, 2009.

In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.
In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff, in the instant claim, has failed to prove defendant or its agents breached any duty of care which resulted in property damage.

Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the pothole was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the pothole.

In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of defendant, that defendant or its agents were negligent in maintaining the roadway area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.* (1998), 97-10898-AD*; Weininger v. Department of Transportation* (1999), 99-10909-AD*; Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD*. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONALD J. LIKE, JR.

　　　Plaintiff

　　　v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-06893-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

{¶ 1} Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Donald J. Like, Jr.                           Jolene M. Molitoris, Director
15-571 Rd. Y                                  Department of Transportation
New Bavaria, Ohio  43548                      1980 West Broad Street
                                              Columbus, Ohio  43223

RDK/laa
10/7
Filed 10/20/09
Sent to S.C. reporter 2/12/10