[Cite as *Osborne v. Ohio Dept. of Transp.*, 2009-Ohio-7151.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH OSBORNE

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-06630-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} 1) On May 5, 2009, plaintiff, Deborah Osborne, was traveling south on US Route 42 in Delaware County, when her 2005 Suzuki Forenza struck a pothole "about 30 feet north of speed limit sign for Ashley, Ohio," causing substantial damage to the vehicle.

{¶ 2} 2) Plaintiff asserted her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $744.24, the cost of replacement parts and related repair expenses incurred as a result of the May 5, 2009 incident. The filing fee was paid. Plaintiff acknowledged she maintains insurance coverage with a $250.00 deductible provision and indicated she received a payment from her insurer in the amount of $494.24 to defray the cost of automotive repair expense incurred. Pursuant to R.C. 2743.02(D)[1]

---

[1] R.C. 2743.02(D) states:
"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds,

plaintiff's damage claim is limited to $250.00.

**{¶ 3}** 3)    Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular pothole prior to plaintiff's property damage occurrence.    Defendant pointed out that its "investigation indicates that the location of plaintiff's incident was approximately at milepost 18.89 on US 42 in Delaware County" and ODOT records show no complaints of potholes at that location were received between November 5, 2008 and May 5, 2009.    Defendant contended plaintiff did not produce any evidence to establish the length of time the pothole at milepost 18.89 existed prior to May 5, 2009.    Defendant suggested "it is likely the pothole existed for only a short time before the incident."    Furthermore, defendant advised the ODOT "Delaware County Manager inspects all state roadways within the county at least two times a month."    The file is devoid of any inspection record. Apparently, no potholes were discovered at milepost 18.89 on US Route 42 the last time that section of roadway was inspected prior to May 5, 2009.    Records show ODOT personnel patched potholes in the vicinity of plaintiff's incident on April 16, 2009.

## CONCLUSIONS OF LAW

**{¶ 4}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.    *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.    However, defendant is not an insurer of the safety of its highways.    See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 5}** In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.    *Denis v. Department of Transportation* (1976), 75-0287-AD.

**{¶ 6}** To prove a breach of the duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that ODOT had actual or

disability award, or other collateral recovery received by the claimant.  This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code.  The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole. Therefore, the issue of constructive notice must be addressed.

{¶ 7} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no evidence of constructive notice of the pothole.

{¶ 8} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her, or that her injury was proximately caused by defendant's negligence. Plaintiff has failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

DEBORAH OSBORNE

      Plaintiff

      v.

DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2009-06630-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

                         _____
                         DANIEL R. BORCHERT
                         Deputy Clerk

Entry cc:

Deborah Osborne                  Jolene M. Molitoris, Director
151 E. Main Street               Department of Transportation
Cardington, Ohio  43315          1980 West Broad Street
                                   Columbus, Ohio  43223

RDK/laa
10/15
Filed 11/10/09
Sent to S.C. reporter 2/25/10