[Cite as *Acker v. Ohio Dept. of Transp.*, 2009-Ohio-7171.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN ACKER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-06800-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, Karen Acker, related she was traveling south on Interstate 77 "before 271 exit" through a construction zone when the tire and rim on her 2001 Volvo C7T were damaged. Apparently plaintiff's car was damaged as a result of striking a roadway defect, presumedly a pothole. Plaintiff further related an employee of Great Lakes Construction Company (Great Lakes), who was working in the area helped change her tire after the damage incident. Plaintiff recalled her damage incident occurred on July 15, 2009 at approximately 8:00 a.m. Plaintiff implied the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defective conditions. Plaintiff filed this complaint seeking to recover damages in the amount of $461.63, representing her stated cost of automotive repair. In her complaint plaintiff listed witnesses to the July 15, 2009 property damage occurrence as 1) Mike Rericha, who resides at the same address as plaintiff and 2) an unidentified male employee of Great Lakes who helped her change her tire. The filing fee was paid.

**{¶ 2}** Defendant explained the roadway area where plaintiff's incident occurred was near the construction project under the control of ODOT contractor, Great Lakes. Defendant related the specific construction project dealt with "grading, draining, paving with asphalt concrete on reinforced concrete base and by rehabilitating eight bridges between SR 303 and SR 21 on I-77 in Summit County" between mileposts 144.50 to 145.84. From plaintiff's description defendant located plaintiff's property damage occurrence at milepost 143.70 on Interstate 77 in Summit County; outside the limits of the construction project under Great Lakes control and within the maintenance responsibility of ODOT. Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of any roadway defect, either a pothole or debris, at milepost 143.70 prior to plaintiff's damage event. Defendant denied receiving any prior complaints regarding potholes or debris at milepost 143.70 on Interstate 77 prior to plaintiff's incident. Defendant argued plaintiff did not produce any evidence to establish her property damage was attributable to any conduct on the part of ODOT personnel.

CONCLUSIONS OF LAW

**{¶ 3}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 4}** In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

**{¶ 5}** To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that ODOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing condition.

{¶ 6} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no evidence of constructive notice of the defect.

{¶ 7} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the defect.

{¶ 8} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her, or that her injury was proximately caused by defendant's negligence. Plaintiff has failed to show that the damage-causing condition was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN ACKER

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-06800-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Karen Acker
12150 Tinkers Creek
Valley View, Ohio  44125

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/27
Filed 11/20/09
Sent to S.C. reporter 3/12/10