[Cite as *Evans v. Ohio Dept. of Transp.*, 2010-Ohio-2025.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

R. SCOTT EVANS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07776-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} "1) On August 1, 2009, at approximately 8:00 a.m., plaintiff, R. Scott Evans, was traveling on State Route 608 "south of Girdled Road in Concord, Ohio" when his 2007 Ford Five Hundred struck "Potholes/Uneven Road" causing tire and rim damage to the vehicle.

{¶ 2} "2) Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defective conditions. Plaintiff filed this complaint seeking to recover $431.20 for replacement parts and related repair expenses he incurred. The filing fee was paid.

{¶ 3} "3) Defendant denied liability based on the contention that no ODOT personnel had any knowledge of a defect on the roadway prior to plaintiff's August 1, 2009 property damage event. Defendant explained that ODOT records (copy submitted) show no complaints were received regarding the particular defect that plaintiff's car struck, which defendant located at milepost 1.80 on State Route 608 in

Lake County. Defendant contended that plaintiff failed to produce sufficient evidence to establish the length of time the "Potholes/Uneven Road" conditions existed prior to 8:00 a.m. on August 1, 2009. Defendant suggested that "it is likely the pothole existed for only a short time before the incident."

{¶ 4} "4) Defendant denied that the roadway was negligently maintained. Defendant advised that the ODOT "Lake County Manager inspects all state roadways within the county at least two times a month." Apparently, no defective conditions were discovered at milepost 1.80 on State Route 608 the last time that specific section of roadway was inspected before August 1, 2009. The file is devoid of any inspection record. Defendant's maintenance record (copy submitted) show that ODOT crews last patched potholes in the vicinity of plaintiff's incident on April 16, 2009.

CONCLUSIONS OF LAW

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the defect on State Route 608 prior to 8:00 a.m. on August 1, 2009.

{¶ 7} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show sufficient

time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by apply a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of any roadway defect.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's record reflects no pothole repairs were made in the vicinity of milepost 1.80 on State Route 608 between April 16, 2009 to August 1, 2009 does not prove negligent maintenance of the roadway area on the part of ODOT. Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

## Court of Claims of Ohio

R. SCOTT EVANS

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2009-07776-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

R. Scott Evans
12305 Summerwood Drive
Concord, Ohio 44077

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
12/29
Filed 1/22/10
Sent to S.C. reporter 5/7/10