[Cite as *Rousculp v. Ohio Dept. of Transp.*, 2011-Ohio-3872.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICTORIA ROUSCULP

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 7

    Defendant

    Case No. 2011-01399-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} In her complaint, plaintiff, Victoria Rousculp, alleges that on December 26, 2010, at approximately 2:15 p.m., she was traveling south on Interstate 75, "near Piqua" when her automobile struck a pothole in the left roadway lane. The pothole caused tire, rim, suspension, and steering damage to plaintiff's vehicle.

{¶ 2} Plaintiff filed this complaint seeking to recover $1,236.85, the cost of replacement parts and automotive repair resulting from the December 26, 2010, incident. Plaintiff asserted she incurred these damages as a proximate cause of negligence on the part of defendant, Department of Transportation ("DOT"), in maintaining the roadway. The $25.00 filing fee was paid.

{¶ 3} Defendant located the pothole at milepost 78.50 in Miami County. According to defendant, the Miami County Garage received a call "at 3:00 p.m. about a pothole on I-75 near CR-25A, Exit 78. Brian Evers got the call and had the pothole repaired within an hour (See Exhibit C)." Exhibit C is a copy of an email communication authored by Brian Evers and states, in relevant part: "[w]e were first informed of this

particular pothole at approx. 3:00 p.m. on Sunday the 26th. The call was relayed to me by radio operator Dan Knoop. I drove to where the pothole was reported, to be sure the report was accurate. It was. I immediately proceeded to the Troy garage, got in T-7-663, which had cold patch on it, grabbed a mechanic and another highway worker, and drove back to the hole and filled it with Patrol giving us traffic control. Time from when I received the call and when hole was filled was approx. 1 hour. Keep in mind we also had 11 crews on snow and ice at that time."

{¶ 4} Defendant explained DOT employees conduct roadway inspections on all state roadways on a routine basis, "at least one to two times a month." Defendant denied DOT employees were negligent in regard to roadway maintenance.

{¶ 5} Plaintiff filed a response and included a copy of the Ohio State Highway Patrol (OSHP) report documenting her property-damage incident. According to the OSHP report, the incident occurred at 3:45 p.m. and the OSHP was notified at 3:58 p.m. The report states that plaintiff "struck a large pot hole in the left lane, which was located at a later time. ODOT fixed the pot hole later in the day." Therefore, evidence exists to establish the damage-causing pothole was present on the roadway at least 45 minutes prior to plaintiff Rousculp's property-damage occurrence.

{¶ 6} Defendant filed a reply to plaintiff's response. Defendant related that although it was snowing and snow and ice removal is the defendant's top priority, once the pothole was located it was repaired within an hour.

CONCLUSIONS OF LAW

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723.

{¶ 8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1. Defendant has admitted it had actual

notice of the damage-causing pothole and that its employee traveled to the location of the pothole immediately after receiving

**{¶ 9}** such notice. In addition, defendant's employee apparently left the area and traveled to another garage to assemble equipment and additional workers to effectuate the necessary repairs.

**{¶ 10}** Evidence has established defendant had notice of the pothole on I-75 for less than one hour prior to plaintiff's property-damage event. Upon review of all the evidence presented, the court finds that defendant acted reasonably in initiating the pothole repairs after confirming the existence and location of the pothole. Consequently, the court finds defendant is not liable for the damages claimed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICTORIA ROUSCULP

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 7

    Defendant

    Case No. 2011-01399-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Victoria Rousculp
3276 E. Possum Road
Springfield, Ohio 45502

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa

Filed 4/21/11
Sent to S.C. reporter 8/5/11