[Cite as *Montemarano v. Ohio Dept. of Transp., Dist. 6*, 2011-Ohio-5115.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN MONTEMARANO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2011-01925-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} In her complaint, plaintiff, Susan Montemarano, stated that on January 14, 2011, at approximately 6:00 a.m., she was traveling west on Dempsey Road when "as (I) turned right on to Westerville Rd. I hit a pothole. By the time I reached 270 the tire was flat."

{¶2} Plaintiff contends her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway. Consequently, plaintiff filed this complaint seeking to recover $268.48, the cost of replacement parts and associated repair expenses. The filing fee was paid.

{¶3} Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located at milepost 25.60 on SR 3 in Franklin County. Defendant denies receiving any previous reports of the damage-causing pothole which plaintiff encountered. Defendant suggests, "it is more likely than not that

the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway. Defendant explains that the DOT Franklin County Manager "conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 25.60 on SR 3 in the vicinity of plaintiff's incident the last time this roadway was inspected prior to January 14, 2011. Defendant stated that "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that four (4) pothole patching operation were conducted *in the same location* as plaintiff's incident. (Emphasis added.) Defendant maintains that "if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶5} Plaintiff filed a response wherein she alleged that the pothole she hit had been previously repaired, the repair had deteriorated, and that several other persons had also sustained damage to their vehicles from hitting the same pothole.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.

Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Plaintiff has not produced any evidence other than her own assertions to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. Although defendant was patching potholes on SR 3 as recently as January 10, 2011, such patching operation extended from milepost 21.20 to 26.10. Defendant did not indicate that patching was performed at the specific location of plaintiff's incident. See *Pinnick v. Ohio Dept. of Transp.*, 2010-12761-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶11} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN MONTEMARANO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2011-01925-AD

Deputy Clerk Daniel R. Borchert


## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Susan Montemarano                      Jerry Wray, Director
1346 Spring Brook Court                Department of Transportation
Westerville, Ohio  43081               1980 West Broad Street
                                       Columbus, Ohio  43223

SJM/laa
5/6
Filed 6/27/11
Sent to S.C. reporter 10/4/11