McCLELLAN ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF TRANSPORTATION ET AL., APPELLEES.

(No. 86AP-206—Decided December 18, 1986.)

*Stewart & DeChant Co., L.P.A.,* and *Fred Wendel III,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Karl W. Schedler,* for appellees.

McCORMAC, J. Brice G. McClellan and her husband, John McClellan, plaintiffs-appellants, commenced an action in the Ohio Court of Claims alleging that the Ohio Department of Transportation ("ODOT"), defendant-appellee, was negligent in the maintenance of State Route 307 on September 2, 1981, when Brice McClellan was injured when her car overturned in a one-car accident after encountering water on the highway.

Denial and affirmative defenses were submitted by ODOT.

After trial to the court, the court rendered judgment for defendant, primarily on the basis that defendant had no actual or constructive notice of the condition alleged to have caused the accident.

Plaintiffs-appellants appealed, asserting the following assignments of error:

"I. The trial court erred in rendering its verdict for the defendant as the verdict was against the weight of the evidence.

"II. The trial court erred in denying plaintiffs-appellants' motion for new trial as the verdict was against the weight of the evidence and that judgment should have been for plaintiffs-appellants.

"III. The trial court erred in denying admission into evidence and consideration of a portion of the Culvert inventory, a regular business record of defendant-appellee.

"IV. The trial court erred in ruling that defendant-appellee had no notice, actual or constructive, of the defects of its highway and the accumulation of water giving rise to this cause of action."

Appellants' first, second, and fourth assignments of error are combined for discussion, since the issue in these assignments of error is whether the judgment of the trial court was against the manifest weight of the evidence. In deciding this issue, it is necessary to determine whether the judgment was supported by credible evidence. If so, it should not be disturbed as being contrary to the weight of the evidence even if the reviewing court might reach a different result based on the same evidence. *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

The undisputed facts were that Brice McClellan was operating her automobile eastbound on State Route 307 on a rainy, cloudy September 2, 1981 day at about 4:00 p.m. when she drove into water on the road in a slight swale. Upon leaving the water, she lost control of her automobile and left the highway with the car flipping over and coming to rest on its roof. She suffered personal injuries and sustained property damage to her automobile.

The contested issues in the case were: (1) whether the water on the highway was of sufficient magnitude to constitute an actionable defect; (2) whether ODOT had actual or constructive notice of a defect or hazardous condition; (3) whether the water on the highway was the proximate cause of plaintiff's accident; and (4) what, if any, comparative negligence was there on the part of Brice McClellan.

We need not concern ourselves with the issues of whether the water on the highway was of sufficient magnitude to constitute an actionable defect, or with the proximate cause of the accident, including appellant's contribution thereto, because those issues were not directly decided by the trial court. Thus, the issue before us is whether there was sufficient credible evidence to support the finding of the trial court that ODOT did not have actual or constructive notice of the water on the highway sufficient to render it liable for an accident proximately caused by its presence.

State Route 307, a two-lane high-

way, was constructed around 1930. Its design was normal for highway construction at that time, which included the ditch and the culvert design. There was testimony that at the time of the accident the culvert was not blocked and that the vegetation growth around the ditch and culvert was normal. It was explained that it was better to have a growth of vegetation than a bare ditch, as with a bare ditch erosion would occur. While there was conflicting testimony in respect to the maintenance of the ditch and culvert, credible evidence in favor of the party for whom the judgment was granted must be considered as controlling for the purposes of ruling upon an assertion that the finding of the trial court was against the manifest weight of the evidence. Photographs and the testimonial description of State Route 307 at the point of the accident show it to be a relatively level highway with only a slight swale at the point where the water overflowed onto the highway. Everyone agreed that, if the drainage ditches along the sides of the highway and the culverts running under the highway were unable to handle the flow of water in a heavy rainstorm, the water would overflow onto the highway at the lowest point. It is clear that the water did overflow onto State Route 307 for a distance of about twenty feet with the depth of the water being from one to three inches at the time appellant's automobile struck the water. While there was testimony by an expert witness based upon tests made after the road was repaved of a water depth of less than that, the photographs clearly show more than a film of water in the eastbound lane and some accumulation of water at that point. The trial court made no specific finding about the depth of the water, but the greater weight of evidence supports a finding that the water was of sufficient depth to constitute a hazard

that should have been addressed by ODOT assuming that the condition was such that there was actual or constructive notice on the part of the highway department to do something about it, such as signs warning of high water, increasing the size of the ditch or the culvert, or reducing the growth of vegetation.

The critical issue, as stated before, was whether there was actual or constructive notice of the water on the highway sufficient to require ODOT to take action in order not to be negligent.

Appellants presented the testimony of a person who lived on State Route 307, a short distance from the point of the accident. He testified that about six times a year during the seven years he had lived there water had accumulated in the same low spot on the highway. He also stated that on one occasion he had called the State Highway Patrol to report the situation. He was not specific about the time or to whom he talked.

Appellee offered testimony that ODOT had never received actual notice of high water on the highway at this point either from the alleged report of the neighbor to the State Highway Patrol or from its own employees. Appellee's district director stated that its employees regularly used the highway and made visual inspections of the ditches, vegetation and other conditions, and that there were no reports of anything unusual at this location. None of the employees ever reported contacting high water at this point. Brice McClellan, who traveled the road frequently, testified that she had never seen anything more than dampness at this location prior to the time of her accident. An ODOT employee did submit a report made after the accident stating that it could be anticipated that once every two years there would be rains heavy enough to cause tempo-

rary overflowing of water at this location on State Route 307. He reported that the fifteen-inch culvert under State Route 307 would be insufficient to handle the flow of water from the ditches in a very heavy downpour that would ordinarily be encountered only once every two years.

The first issue is whether a telephone call by the neighbor to the State Highway Patrol post on one occasion constituted actual notice to ODOT of high water on the highway sufficient to require some precautionary action on its part. The trial court found that it did not on the basis that the State Highway Patrol was not responsible for maintenance of the highway and that notice to it did not constitute notice to ODOT. The trial court's holding in this respect is supported by the case of *Cleveland* v. *Payne* (1905), 72 Ohio St. 347, 74 N.E. 177. The Ohio Supreme Court held that notice to a policeman of a defect in the sidewalk or street was insufficient to charge the city with notice since notice to an agent is binding upon the principal only when it is within the scope of the agent's authority. The testimony of notice to the State Highway Patrol, even if believed, was quite vague with no specifics given about the time of the notice and the person to whom notice was given. There is no evidence that the State Highway Patrol relayed that notice to ODOT. Hence, the trial court's finding that there was no actual notice to ODOT that there had previously been high water over the highway at that location is not against the manifest weight of the evidence.

The primary evidence of constructive notice was that after the accident an employee of ODOT stated that it could be anticipated that there would be a rainfall about every two years of such magnitude that there would be overflowing of water on the highway at this place in the road. This state-ment is not sufficient to constitute constructive notice to ODOT. In order for there to be constructive notice of a nuisance or defect in the highway, it must have existed for such length of time as to impute knowledge or notice. *Bello* v. *Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526; *McCave* v. *Canton* (1942), 140 Ohio St. 150, 23 O.O. 365, 42 N.E. 2d 762.

In summary, the trial court's finding that ODOT had no actual or constructive notice of the water condition on the highway to render it liable to correct the situation or to warn the public was not against the manifest weight of the evidence. There was no evidence of actual notice to ODOT. There is no evidence that ODOT was aware that there had been high water on the highway in this area at any time since the road was built in 1930. There was testimony that ODOT employees regularly travel this highway and that no one had ever reported high water at that spot. Brice McClellan had traveled the road on many occasions and had never noticed high water there. The evidence was uncertain as to the amount of rain that had fallen on September 2, 1981 when the high water occurred, but there was testimony that the water had quickly receded from the highway since ODOT employees testified that they drove over this road the same evening, after the accident was reported, and that they noticed no high water. The state does not have a duty to upgrade its culverts and drainage of its highways especially when it has no actual or constructive notice of a hazardous condition. As previously noted, State Route 307 at the location in question facially appeared to be very unremarkable in grade and in respect to any significant danger of flooding from high waters. The dip or swale in the road where the flooding occurred was slight.

Appellants' first, second, and

fourth assignments of error are over-ruled.

Appellants thirdly assert that the trial court erred in refusing to admit into evidence a record of inventory of culverts which included the culvert under the road at the place of flooding. The culvert record, dated 1931, contained the answer "yes" in the column where the question was "is the size adequate?" The original answer was typed. Later, at some undefined time, there was a mark placed through the answer "yes" and a handwritten "no" was added. There was no testimony about the date on which the change was made. Initially, the trial court refused to consider this evidence but, at the end of the trial, the exhibit was admitted into evidence without objection by ODOT. The trial court obviously did not attach any significance to this document as proof that ODOT had notice of a hazardous condition at the time of the accident because there was no proof that the change was made prior to the accident.

Appellants' third assignment of error is overruled on the basis that the culvert inventory was admitted into evidence; the weight to be given that evidence under the circumstances was within the discretion of the trial court.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.