GALLOWAY, Appellant, et al.,

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Appellee.**

[Cite as *Galloway v. Ohio Dept. of Transp.* (1989), 64 Ohio App.3d 476.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–258.

Decided Dec. 28, 1989.

*Wolske & Blue, Gerald S. Leeseberg* and *Michael S. Miller,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William J. McDonald,* for appellee.

PEGGY L. BRYANT, Judge.

Plaintiff-appellant, Elizabeth Galloway, appeals from a judgment of the Ohio Court of Claims finding defendant-appellee, Ohio Department of Trans-

portation, not liable in negligence to plaintiff. Plaintiff sets forth a single assignment of error:

"The Court below erred to the substantial prejudice of Plaintiffs–Appellants in holding that, as a matter of law, Defendant–Appellee ODOT did not have a duty to obtain notice from the power company of a widespread power outage."

The facts giving rise to this action are largely undisputed. On August 21, 1983, an automobile collision occurred at the intersection of State Route 310 and U.S. 40. Plaintiff, Elizabeth Galloway, was a passenger in the car traveling west on U.S. 40. The intersection was controlled by a traffic signal device. However, due to a storm causing a power outage, the traffic signal was inoperative at that time.

Ohio Power Company furnished power to that area in general, and to that particular traffic signal. At 10:05 a.m., Ohio Power Company was notified of a power outage in the area. At approximately 10:12 a.m., Ohio Power Company sent out a crew to determine the cause, as a number of calls indicated a widespread outage.

The accident at issue occurred at 10:50 p.m.; the Highway Patrol was notified at 10:54 p.m., and arrived at approximately 11:10 p.m.; power was restored to the area at 1:25 a.m.

The evidence further indicated that power companies generally are the first to know of a power outage. Upon receiving information indicating a general area to be without power, the company notifies a crew. The crew assembles from various locations and examines the territory to determine the boundaries of the area affected by the power outage. Typically, defendant does not learn of a nonfunctional traffic signal device from the power company, but rather through law enforcement agencies which, on noticing the signal, call defendant with the pertinent information.

At the conclusion of the trial, the trial judge indicated his personal preference that all steps be taken to provide defendant the earliest possible notification of nonoperating traffic signals so as to prevent unnecessary accidents. However, in ruling on the case before it, the trial court held that defendant did not breach its duty to maintain the highways in a safe condition by failing to request notification of any power outages from Ohio Power Company.

From that judgment plaintiff appeals, contending that the trial court erred in finding that defendant had properly executed its duty relative to plaintiff. More particularly, plaintiff contends that defendant breached its duty to plaintiff in light of the undisputed fact that defendant made no attempt to obtain notification from Ohio Power Company of general power outages so that defendant could locate within that area any malfunctioning traffic

signals, including the one at issue, and either service them or provide temporary power until service could be restored.

■ In order for plaintiff to establish negligence on the part of defendant, plaintiff must show not only the existence of a duty that defendant owed to plaintiff, but a breach of that duty and an injury proximately resulting therefrom. *Menifee v. Ohio Welding Products* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710. In that respect, defendant has a duty to maintain the highways under its control in a reasonably safe condition. *Knickel v. Dept. of Transp.* (1976), 49 Ohio App.2d 335, 339, 3 O.O.3d 413, 415, 361 N.E.2d 486, 489. Thus, while defendant owes a duty to maintain the state highways in a safe and reasonable manner, *Cupka v. Dept. of Transp.* (Feb. 2, 1988), Franklin App. No. 86AP–890, unreported, 1988 WL 12020, this court has also indicated that the duty is premised upon notice:

"The Ohio Department of Transportation is not liable for damages caused by defects or dangerous conditions on state highways unless it had notice of the condition, either actual or constructive." *McClellan v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 247, 517 N.E.2d 1380.

■ As a result of the foregoing, the present appeal presents us with a single issue of whether, in executing its duty to maintain the highways, defendant is required to seek notification of power outages from the relevant power company so that, with that information, defendant may attempt to locate at the earliest possible time any malfunctioning traffic signal devices and restore service to that location.

Plaintiff contends that, inasmuch as Ohio Power Company typically is the first entity to be notified of any power outages, and the first to send crews into the area to determine the general parameters of that power outage, defendant's duty includes the obligation to seek notification from Ohio Power Company of the area of a power outage, thereby enabling defendant to determine which traffic signals may actually be out of service. In short, plaintiff contends that defendant may not reasonably execute its responsibilities to plaintiff and to the public by simply waiting for a law enforcement agency to notify it of a malfunctioning traffic signal device.

In response, defendant contends that the evidence does not support plaintiff's argument. More particularly, defendant asserts that, although the evidence indicates that Ohio Power Company typically is the first to know of a power outage, it only knows of the general geographic parameters of that power outage after sending a crew into the area. Further, while Ohio Power Company may be able to notify defendant of those general parameters, that information still does not convey to defendant the necessary information:

which traffic signal devices, within what may be a very large geographical area, are malfunctioning. As a result, defendant asserts that requiring defendant to obtain notification from Ohio Power Company is not reasonable, as the evidence does not indicate that such information would lead to any earlier attention from defendant regarding a particular traffic signal device.

We disagree with defendant in that the general information regarding the boundaries of the particular outage would at least alert defendant to the fact that the traffic signal devices within that area may be malfunctioning or out of service. However, we nonetheless are compelled to agree with defendant that the evidence does not indicate that, in this case, information from Ohio Power Company would have lead defendant to find the particular traffic signal at issue and service it before plaintiff's accident.

Apart from the foregoing considerations, this case presents other problematic ramifications. In particular, at least one court has determined that Ohio Power Company has no obligation to notify defendant of a power outage. *Galloway v. Ohio Power Co.* (Dec. 4, 1985), Licking App. No. CA–3142, unreported, 1985 WL 4181. As a result, defendant would be in the position of requesting notification from Ohio Power Company with no ability to enforce its request. Moreover, to the extent Ohio Power Company would agree to so notify defendant, Ohio Power Company would then be faced with the potential for having to notify a plethora of other entities who rely on it for a power source: municipalities, county government, railroads, hospitals, and other vital entities who serve by means of using electrical power.

Indeed, plaintiff's contentions place defendant in a comparable situation. More specifically, if it be reasonable to request notification from Ohio Power Company of a power outage, then it may also be reasonable to request notification from a number of other sources, as yet unidentified, who may be able to deliver to defendant even earlier information concerning a malfunctioning traffic signal device. For example, plaintiff's contentions would suggest that defendant is required to contact local firefighters to request that, in the absence of law enforcement officials who might otherwise contact defendant, information be forwarded to defendant regarding traffic signal devices which malfunction as a result of fire interference.

In short, given the ramifications of plaintiff's argument, we are compelled to conclude that defendant is not obligated to request notification of power outages from Ohio Power Company in order to fulfill its duty to plaintiff as set forth in the pertinent case law described above.

Plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and RADCLIFFE, JJ., concur.

GERALD E. RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment.