[Cite as *Olukoya v. Ohio Dept. of Transp.*, 2009-Ohio-7158.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DORIS H. OLUKOYA

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2009-07393-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)   On February 23, 2009, plaintiff, Doris H. Olukoya, was traveling south on Interstate I490 "from E. 55th Street" in Cleveland, when her automobile struck a pothole as she "attempted to enter (Interstate) 77 South." The pothole caused tire and wheel damage to plaintiff's vehicle.

{¶ 2} 2)   Plaintiff asserted that her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects, such as potholes. Plaintiff filed this complaint seeking to recover damages in the amount of $250.00, her insurance coverage deductible for automotive repair. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 3} 3)   Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant explained that the ODOT Cleveland office did receive three complaints about potholes on Interstate 490 during February 2009, but two of

those complaints "are not in the area of plaintiff's incident." Defendant pointed out that a motorist did complain about a pothole "on February 9, 2009 and it was filled on February 18, 2009 which is five days before plaintiff's incident." Apparently the pothole that was reported on February 9, 2009 and was patched on February 18, 2009 was the same pothole that damaged plaintiff's vehicle. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to produce evidence to establish that her property damage was attributable to conduct on the part of ODOT personnel. Defendant contended that plaintiff did not offer any evidence to prove the length of time the particular pothole existed prior to her property damage occurrence. Defendant related that "if ODOT personnel had detected any defects they would have been promptly scheduled for repair." Defendant's records show potholes were patched by ODOT in the vicinity of plaintiff's incident on September 18, 2008, January 5, 2009, and February 6, 2009. There is no patching record submitted concerning the pothole that was reported on February 9, 2009 and repaired on February 18, 2009.

CONCLUSIONS OF LAW

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown defendant had actual notice of the damage-causing pothole.

{¶ 6} Therefore, to find liability plaintiff must prove ODOT had constructive

notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the pothole.

{¶ 7} Ordinarily in a claim involving roadway potholes, plaintiff must prove that: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. Evidence has shown plaintiff's vehicle was damaged by a pothole that had been patched on February 18, 2009 and the repair patch had failed by February 23, 2009.

{¶ 8} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than one week warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288; *Romes v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Defendant is liable to plaintiff for the damage claimed $250.00, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DORIS H. OLUKOYA

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-07393-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $275.00, which includes the filing fee. Court costs are assessed against defendant.

                    MILES C. DURFEY
                    Clerk

Entry cc:

Doris H. Olukoya           Jolene M. Molitoris, Director
P.O. Box 45447            Department of Transportation
Bedford, Ohio 44145-0447    1980 West Broad Street
                    Columbus, Ohio 43223

RDK/laa
10/28
Filed 11/18/09
Sent to S.C. reporter 3/5/10