[Cite as *Greenwald v. Dept. of Transp.*, 2010-Ohio-2030.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANE M. GREENWALD

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

     Case No. 2009-08306-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}  1)    On August 8, 2009, at approximately 12:30 a.m., plaintiff, Shane M. Greenwald, was traveling west on US Route 30 in Columbiana County, when his 1997 Oldsmobile Achieva struck a pothole causing tire and wheel damage to the vehicle. Plaintiff specifically located the damage-causing pothole at "just past the 10 mile (Lisbon) exit sign . . . on a bridge."

{¶ 2}  2)    Plaintiff asserted the damage to his vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazards such as potholes.  Plaintiff filed this complaint seeking to recover $601.56, for replacement parts, repair expenses, and related costs. The filing fee was paid.

{¶ 3}  3)    Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on US Route 30 prior to plaintiff's property damage event.  Defendant explained ODOT records (copies submitted) show no calls or complaints were received regarding the pothole plaintiff's vehicle struck,

which defendant located at milepost 26.70 on US Route 30 in Columbiana County. Defendant suggested it is likely the pothole existed for only a short time before the incident. Defendant asserted plaintiff did not produce any evidence to establish the length of time the pothole existed prior to 12:30 a.m. on August 8, 2009.

**{¶ 4}** 4) Defendant contended plaintiff failed to prove US Route 30 was negligently maintained. Defendant observed the ODOT "Columbiana County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered at milepost 26.70 on US Route 30 the last time that section of roadway was inspected prior to August 8, 2009. The file is devoid of any inspection record. Defendant's submitted "Maintenance History" shows potholes were patched in the vicinity of plaintiff's incident on February 3, 2009, February 20, 2009, March 17, 2009, and April 9, 2009. No patching operations were needed in the area subsequent to April 9, 2009.

## CONCLUSIONS OF LAW

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on US Route 30 prior to 12:30 a.m. on August 8, 2009.

**{¶ 7}** Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio

Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner or, 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects no pothole repairs were made in the vicinity of milepost 26.70 on US Route 30 between April 9, 2009 to August 7, 2009 does not prove negligent maintenance of the roadway area on the part of ODOT. Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that this property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANE M. GREENWALD

  Plaintiff

  v.

DEPARTMENT OF TRANSPORTATION

  Defendant

   Case No. 2009-08306-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Shane M. Greenwald                    Jolene M. Molitoris, Director

39 Berry Lane
Apt. 1
Delmont, Pennsylvania  15626

Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/29
Filed 1/20/10
Sent to S.C. reporter 5/7/10