[Cite as *White v. Ohio Dept. of Transp.*, 2011-Ohio-5311.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN WHITE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02891-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}  In his complaint, plaintiff, Kevin White, stated that on January 4, 2011, at approximately 9:00 a.m., he was traveling south bound on I-75 "from Mitchell Ave Exit 6 toward downtown Cincinnati" when he "hit a huge pothole in the extreme left hand lane." Plaintiff explained that his car suffered a flat tire and a bent wheel.  Plaintiff related that, "[t]his is my normal Route to and from work and as of February 22, it is still not repaired while northbound has been repaired.  This is the largest pothole I have ever hit/seen and is located right at mile marker 5.1 southbound."

{¶2}  Plaintiff contends his property damage was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway.  Consequently, plaintiff filed this complaint seeking to recover $485.96, the cost of a replacement tire and associated repair expenses.  The filing fee was paid.

{¶3}  Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage

event. Defendant states the pothole was located at milepost 5.1 on I-75 in Hamilton County. Defendant denies receiving any previous reports of the damage-causing pothole which plaintiff encountered.

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway. Defendant explains that the DOT Hamilton County Manager "conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 5.1 on I-75 in the vicinity of plaintiff's incident the last time this roadway was inspected prior to January 4, 2011. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that three (3) Pothole Patching Operations were performed on I-75 at milepost 5.1." However, these repairs took place in the northbound lanes. Defendant maintains that "if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶11} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN WHITE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-02891-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Kevin White
15 W. 4th Street #407
Cincinnati, Ohio  45202

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
6/8
Filed 7/13/11
Sent to S.C. reporter 10/13/11