[Cite as *Rolls v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-6931.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICKIE ROLLS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2011-06391-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} In her complaint, plaintiff, Vickie Rolls, stated that on March 23, 2011, at approximately 6:00 a.m., she was traveling south bound on I-75 "at milemarker 9" when she "hit a huge pothole" which damaged her tire. Plaintiff pointed out that it was recommended she replace both front tires to maintain even wear.

{¶2} Plaintiff contends her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway. Consequently, plaintiff filed this complaint seeking to recover $347.37, the cost of two replacement tires and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶3} Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located at milepost 9.0 on I-75 in Hamilton County. Defendant noted that DOT records show one report of a pothole was received for "I-75 near the same location as plaintiff's but it was (received) three months before

plaintiff's incident and the pothole was repaired the same day." Defendant denies receiving any other reports of the damage-causing pothole prior to the time which plaintiff encountered it.

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway. Defendant explains that the DOT Hamilton County Manager "inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 9.0 on I-75 in the vicinity of plaintiff's incident the last time this roadway was inspected prior to March 23, 2011. Defendant stated that "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶11} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICKI ROLLS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

     Defendant

Case No. 2011-06391-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Vicki Rolls
8285 Lindfield Drive
West Chester, Ohio  45069

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
8/18
Filed 8/23/11
Sent to S.C. reporter 1/19/12