[Cite as *Hamel v. Ohio Dept. of Transp., Dist. 11*, 2011-Ohio-6944.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. HAMEL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

Case No. 2011-07869-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} On May 5, 2011, at approximately 3:30 p.m., plaintiff, James Hamel, was traveling north on State Route 241 when he struck a pothole causing damage to the right front tire on his 2011 Buick LaCrosse. Plaintiff relates that he called a towing service and that their employee, Jeremy, stated that plaintiff's "call for service was the third one that he personally serviced that same day for damages caused by this same hole. He also stated that he was aware of a number of calls made previously to report this road hazard."

{¶2} Plaintiff contends his property damage was proximately caused by negligence on the part of defendant, Department of Transportation ("DOT"), in failing to maintain the roadway. Consequently, plaintiff filed this complaint seeking to recover $295.64, the cost of a replacement tire and associated repair expenses. The filing fee was paid.

{¶3} Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage

event.  Defendant notes that plaintiff's incident occurred "at milepost 10.30 on SR 241 in Holmes County."  Defendant denies receiving any previous reports of the damage-causing pothole which plaintiff encountered. Defendant suggests, "it is likely the pothole existed for only a short time before the incident."

{¶4}    Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway.  Defendant explains that the DOT Holmes County Manager "inspects all state roadways at least two times a month." Apparently no potholes were discovered at milepost 10.30 on SR 241 in the vicinity of plaintiff's incident the last time this roadway was inspected prior to May 5, 2011. Defendant's records show one pothole patching operation was conducted on SR 241 near milepost 10.30 on February 4, 2011.

{¶5}    Plaintiff filed a response essentially reiterating the allegations in his complaint.

CONCLUSIONS OF LAW

{¶6}    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}    In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶8}    To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  No evidence has shown that defendant had actual notice of the

damage-causing pothole.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is no evidence defendant had constructive notice of the pothole.

{¶10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶11} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. HAMEL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

Case No. 2011-07869-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James R. Hamel
323 Pebble Beach Drive
Perry, Georgia  31069-4523

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
8/24
Filed 8/26/11
Sent to S.C. reporter 1/19/12