[Cite as *Allen v. Dept. of Transp.*, 2011-Ohio-6956.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICIA S. ALLEN

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-06919-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} In her complaint, plaintiff, Patricia Allen, stated that on April 5, 2011, at approximately 7:30 a.m., she was traveling southbound on I-675 when she "hit a pothole" which damaged her tire, wheel, and a wheel hub.

{¶2} Plaintiff contends her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain the roadway. Consequently, plaintiff filed this complaint seeking to recover $1,119.99, the cost of replacement parts and associated vehicle repair expenses. The $25.00 filing fee was paid.

{¶3} Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located between mileposts 17.81 and 22.90 on I-675 in Greene County. Defendant noted that DOT records show one complaint was received "but it was for different circumstances and location." Defendant denies receiving any reports of the damage-causing pothole prior to the time which plaintiff encountered it.

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to

show DOT negligently maintained the roadway. Defendant explains that the DOT Greene County Manager "inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered on I-675 in the vicinity of plaintiff's incident the last time this roadway was inspected prior to April 5, 2011. Defendant stated that "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶8} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the

defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶11} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICIA S. ALLEN

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-06919-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

                                          _____
                                          DANIEL R. BORCHERT
                                          Deputy Clerk

Entry cc:

Patricia S. Allen                         Jerry Wray, Director
1863 W. County Line Road         Department of Transportation
Urbana, Ohio  43078                1980 West Broad Street
                                   Columbus, Ohio  43223

9/1
Filed 9/13/11
Sent to S.C. reporter 1/27/12