[Cite as *Scretchen v. Ohio Dept. of Transp.*, 2023-Ohio-3257.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DENISE R. SCRETCHEN | Case No. 2023-00205AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1}    Denise Scretchen ("plaintiff") filed this claim against defendant, Ohio Department of Transportation ("ODOT"), to recover damages which occurred when plaintiff's 2014 Mazda CX-5 struck a pothole on March 6, 2023, while plaintiff was traveling westbound on Interstate Route ("IR") 275, approximately 1000 feet east of mile marker 44, in Hamilton County, Ohio.  This road is a public road maintained by ODOT. Plaintiff's vehicle sustained damages in the amount of $1,541.63.  Plaintiff maintains an automobile insurance policy with Progressive and has a collision insurance deductible of $500.00.  Plaintiff submitted the $25.00 filing fee.

{¶2}    To recover on a claim for roadway damages against ODOT, Ohio law requires proof that plaintiff's motor vehicle sustained damages as a result of coming into contact with a dangerous condition on a road maintained by ODOT; that ODOT knew or should have known about the dangerous road condition; and that ODOT, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.  *Miller v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 13AP-849, 2014-Ohio-3738.

{¶3}    Next, plaintiff must prove that ODOT had actual or constructive notice of the pothole.  Constructive notice is a substitute for actual notice.  Constructive notice exists where a defect must have existed so long as to impute knowledge.  *Kemer v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 09AP-248, 2009-Ohio-5714.

{¶4}    For constructive notice to exist, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances

ODOT should have gained knowledge of its existence. *McClellan v. Ohio Dept. of Transp.*, 34 Ohio App.3d 247, 250, 517 N.E.2d 1388 (10th Dist. 1986).

{¶5}    In the investigation report, ODOT indicated that the location of the incident was on IR 275 between state mile markers 44.1 and 44.2 (county mile markers 26.5 and 26.6) in Hamilton County. This section of the roadway on IR 275 has an average daily traffic count of 118,710 vehicles. Despite this volume of traffic, ODOT had received only two (2) complaints of potholes on this section of the roadway in the six months prior to plaintiff's incident. Pothole patching in the area was performed on January 16, 2023. Thus, the court is unable to find that ODOT knew about this particular pothole.

{¶6}    Within the past six months, ODOT conducted four hundred seventy-five (475) maintenance operations on IR 275 in Hamilton County where this incident occurred. If any pothole was present for any appreciable length of time, it is probable that it would have been discovered by ODOT work crews. It is thus likely that the pothole developed only shortly before plaintiff struck it.

{¶7}    A review of the maintenance history by route provided by ODOT with the investigation report revealed pavement patching operations occurred at the damage-causing location on February 28, 2023, seven (7) days prior to plaintiff's incident.

{¶8}    A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618.

{¶9}    In this case, pavement patching operations took place seven (7) days prior to plaintiff's incident. According to the maintenance report, ODOT conducted pavement patching operations on February 28, 2023, beginning at state mile marker 44.2 and ending at state mile marker 46.3. This is conclusive evidence of negligent maintenance.

{¶10}  Plaintiff submitted a response to defendant's investigation report which included a copy of the insurance deductible information. Plaintiff stated that she would not be filing a claim with her insurance company so seeks the full amount of damages stated in her complaint.

{¶11}  R.C. 2743.02(D) in pertinent part states: "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery that the claimant receives or is entitled to."

{¶12} Therefore, judgment is rendered in favor of plaintiff in the amount of $500.00, plus $25.00 for reimbursement of the filing fee pursuant to the holding in *Bailey v. Ohio Dept. of Rehab. & Corr.*, 62 Ohio Misc.2d 19, 587 N.E.2d 990 (Ct. of Cl. 1990).

| | |
|---|---|
| DENISE R. SCRETCHEN | Case No. 2023-00205AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶13} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $525.00, which includes reimbursement of the $25.00 filing fee. Court costs are assessed against defendant.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 6/27/23
Sent to S.C. Reporter 9/14/23