[Cite as *Bolinger v. Ohio Dept. of Transp.*, 2023-Ohio-3261.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| KELLY BOLINGER | Case No. 2023-00042AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Kelly Bolinger ("plaintiff") filed this claim against defendant, Ohio Department of Transportation ("ODOT"), to recover damages which occurred when plaintiff's 2020 Ford EcoSport struck a pothole on November 28, 2022, while plaintiff was traveling on United States ("US") Route 30 East in Allen County, Ohio. This road is a public road maintained by ODOT. Plaintiff claimed damages in the amount of $1,597.66, including $191.38 for towing (receipt attached to complaint) and $272.00 in lost wages. Plaintiff maintains an automobile insurance policy with Geico and has a collision insurance deductible of $1,000.00. Plaintiff submitted the $25.00 filing fee.

{¶2} To recover on a claim for roadway damages against ODOT, Ohio law requires proof that plaintiff's motor vehicle sustained damages as a result of coming into contact with a dangerous condition on a road maintained by ODOT; that ODOT knew or should have known about the dangerous road condition; and that ODOT, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time. *Miller v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 13AP-849, 2014-Ohio-3738.

{¶3} Next, plaintiff must prove that ODOT had actual or constructive notice of the pothole. Constructive notice is a substitute for actual notice. Constructive notice exists where a defect must have existed so long as to impute knowledge. *Kemer v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 09AP-248, 2009-Ohio-5714.

{¶4} For constructive notice to exist, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances

ODOT should have gained knowledge of its existence. *McClellan v. Ohio Dept. of Transp.*, 34 Ohio App.3d 247, 250, 517 N.E.2d 1388 (10th Dist. 1986).

{¶5} In the investigation report, ODOT indicated that the location of the incident was on US 30 East, at mile marker 23.0, in Allen County. This section of the roadway on US 30 East has an average daily traffic count of 10,324 vehicles. Despite this volume of traffic, ODOT had received no complaints of potholes on this section of the roadway prior to plaintiff's incident. Thus, the court is unable to find that ODOT knew about this particular pothole.

{¶6} Within the past six months, ODOT conducted one hundred thirty-three (133) maintenance operations on US 30 in Allen County where this incident occurred. A review of the maintenance history by route provided by ODOT with the investigation report revealed pavement patching operations occurred at the damage-causing location on November 23, 2023, five days prior to plaintiff's incident.

{¶7} A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618.

{¶8} In this case, pavement patching operations took place five days prior to plaintiff's incident. According to the maintenance report, ODOT conducted pavement patching operations on November 23, 2023, beginning at mile marker 13.0 and ending at mile marker 24.056. This is conclusive evidence of negligent maintenance.

{¶9} Plaintiff did not submit a response to defendant's investigation report.

{¶10} R.C. 2743.02(D) states in pertinent part: "Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery that the claimant receives or is entitled to."

{¶11} Therefore, judgment is rendered in favor of plaintiff in the amount of $1,191.38, plus $25.00 for reimbursement of the filing fee pursuant to the holding in *Bailey v. Ohio Dept. of Rehab. & Corr.*, 62 Ohio Misc.2d 19, 587 N.E.2d 990 (Ct. of Cl. 1990).

| | |
|---|---|
| KELLY BOLINGER | Case No. 2023-00042AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶12} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,216.38, which includes reimbursement of the $25.00 filing fee. Court costs are assessed against defendant.

_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 7/12/23
Sent to S.C. Reporter 9/14/23