[Cite as *Underwood v. Ohio Dept. of Transp.*, 2011-Ohio-5314.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEWELIENNE UNDERWOOD

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-03782-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶1} Plaintiff, Jewelienne Underwood, alleges that on January 29, 2011, at approximately 7:40 a.m., she was traveling "from John Scott Highway in Steubenville Ohio to Route 22 east towards West Virginia. At the connection of road beneath the overpass my car fell into a huge pothole. * * * The overpass is Alter Ave & the row of unavoidable potholes were across the length of the road." In her complaint, plaintiff pointed out that there are numerous potholes in the area and that repairs still need to be made. Plaintiff submitted photographs depicting the area where her car was damaged. Upon review, the trier of fact notes the photographs submitted by plaintiff show a massive pavement deterioration that spans the entire width of the right lane of travel. The defect is extensive and shows evidence of chronic failed repair efforts.

{¶2} Plaintiff filed this complaint seeking to recover $725.38, the cost of a replacement tire and related repair expenses resulting from the January 29, 2011 incident. Plaintiff asserted she incurred these damages as a proximate result of

negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶3} Defendant denied liability based on the assertion it professed to have no knowledge of the damage-causing pothole prior to plaintiff's January 29, 2011 incident. Defendant denied receiving any calls or complaints before January 29, 2011, about a pothole that DOT located "near milepost 14.93 on US 22 in Jefferson County." Defendant suggested, "it is likely the pothole existed for only a short time before the incident."

{¶4} Defendant explained DOT employees conduct roadway inspections on all state roadways on a routine basis, "at least two times a month." A review of the maintenance history submitted by defendant shows pothole patching operations were performed at the location of plaintiff's incident on January 18, 2011. Defendant denied DOT employees were negligent in regard to roadway maintenance.

{¶5} Plaintiff filed a response stating that the pictures she submitted document that although the road had been patched multiple times it was not repaired properly or completely. Plaintiff suggested defendant negligently maintained the roadway due to DOT's failure to properly patch recurring potholes.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Case No. 2006-03532-AD - 3 - MEMORANDUM DECISION

Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8} Plaintiff has provided sufficient evidence for the trier of fact to find constructive notice of the pothole has been proven. The photographic evidence plaintiff supplied establishes that the damage-causing defect was massive in size and constituted a recurring problem defendant failed to properly correct. Pursuant to the holding of *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757, 2009-Ohio-7124, "the massive size of a defect coupled with knowledge that the pothole presented a recurring problem is sufficient to prove constructive notice." at ¶10.

{¶9} Moreover, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect at milepost 14.93. The

credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Conversely, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123.

{¶10} In addition, plaintiff has supplied sufficient evidence to show that defendant did in a general sense, maintain the highway negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant needed to repair numerous defects in a brief time frame is conclusive evidence of negligent maintenance. *Carter v. Highway Department Transportation O.D.O.T.* (1997), 97-03280-AD; *Reese v. Ohio Dept. of Transportation* (1999), 99-05697-AD. Furthermore, the trier of fact finds plaintiff's car struck a pothole which had been most recently patched on January 18, 2011. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, 2005-02460-AD, 2005-Ohio-2479.

{¶11} The fact the pothole plaintiff's car struck deteriorated in a time frame of slightly more than ten days does not negate application of the standard expressed in *Matala*. See *Marsh v. Ohio Dept. of Transp.*, 2006-01912-AD, 2006-Ohio-7204.

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

{¶12}     Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $725.38, plus the $25.00 filing fee costs.  *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEWELIENNE UNDERWOOD

     Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-03782-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $750.38, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Jewelienne Underwood
R.R. 2 Box 294 A
Colliers, West Virginia  26035

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa

Case No. 2006-03532-AD        - 7 -        MEMORANDUM DECISION

6/9
Filed 7/18/11
Sent to S.C. reporter 10/13/11