[Cite as *Spilman v. Ohio Dept. of Transp.*, 2011-Ohio-5547.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BENJAMIN R. SPILMAN,

    Plaintiff,

    v.

THE OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.

Case No. 2011-03987-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} In his complaint, plaintiff, Benjamin Spilman, alleges that on January 26, 2011, at approximately 5:50 p.m., he was traveling south on Interstate 75, "exiting at the Glendale-Milford Road exit" when his automobile struck a large pothole "in the middle of the exiting lane directly below Glendale-Milford Road." Plaintiff submitted a photograph depicting the pothole and multiple surrounding areas of previous patching attempts.

{¶ 2} Plaintiff filed this complaint seeking to recover $622.71, the cost of a replacement tire and wheel resulting from the January 26, 2011 incident and reimbursement of the filing fee. Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶ 3} Defendant located the pothole at milepost 14.26 in Hamilton County. According to defendant, one complaint regarding pavement markings at this location

was received on November 16, 2010.

**{¶ 4}** Defendant explained DOT employees conduct roadway inspections on all state roadways on a routine basis, "at least two times a month." Defendant asserted it "did not receive any reports of the pothole or have knowledge of the pothole prior to the incident." Defendant denied DOT employees were negligent in regard to roadway maintenance.

**{¶ 5}** Plaintiff did not file a response.

## CONCLUSIONS OF LAW

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 7}** To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

**{¶ 8}** In another case filed with the court, Case No. 2011-02565-AD, plaintiff Parsons submitted photographs taken February 12, 2011, depicting the area on I-75 south at mile marker 14.26 and the trier of fact noted one of the photographs submitted

by Parsons showed a massive pavement deterioration that spanned nearly the entire length of roadway beneath the overpass. The defect was extensive and showed evidence of chronic failed repair efforts. In addition, attached to its investigation report filed in Case No. 2011-02565-AD, defendant included a copy of an email sent by Seth Pawlak to ODOT on January 27, 2011. In his communication, Pawlak notes that he sent an earlier email to ODOT on January 19, 2011 concerning the number of unrepaired potholes on I-75 southbound near the Glendale-Milford Exit. In the original email sent January 19, 2011, Pawlak wrote "[t]his morning traveling southbound on I-75, transitioning from the middle lane to the right lane, I encountered maybe the largest pothole in recent Cincinnati history. * * * Location of pothole: Southbound prior to Glendale Milford Road and the Interstate I75 access Road." In the email sent January 27, 2011, Pawlak writes, "I am writing once again to address the severity of the conditions with southbound I-75. These conditions are to the point where I may have to find another route to travel. * * * I also understand you request detailed information as to the pothole in question but there are far to many to pinpoint at this moment. *The previous pothole I gave details about is still there.*" (Emphasis added.)

{¶ 9} Upon review of the evidence submitted to the court to date, the trier of fact finds constructive notice of the pothole has been proven. The photographic evidence supplied establishes that the damage-causing defect was massive in size and constituted a recurring problem defendant failed to properly correct. Pursuant to the holding of *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757, 2009-Ohio-7124, "the massive size of a defect coupled with knowledge that the pothole presented a recurring problem is sufficient to prove constructive notice." at ¶ 10. In addition, ODOT was notified of the pothole situation at or near milepost 14.26 on I-75 southbound via

the email notification from Seth Pawlak dated January 19, 2011.

{¶ 10} Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect at milepost 14.26. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Conversely, the trier of fact finds that there is no evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123.

{¶ 11} Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $622.71, which includes the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

The Ohio Judicial Center

BENJAMIN R. SPILMAN,                         Case No. 2011-03987-AD

      Plaintiff,

      v.                                              Acting Clerk Daniel R. Borchert

THE OHIO DEPARTMENT OF TRANSPORTATION,

      Defendant.                              <u>ENTRY OF ADMINISTRATIVE</u>
                                                <u>DETERMINATION</u>


      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $622.71, which includes the filing fee.  Court costs are assessed against defendant.



                                         DANIEL R. BORCHERT
                                         Acting Clerk

Entry cc:

Benjamin R. Spilman                         Jerry Wray, Director
480 Ashley Brook Drive                      Department of Transportation
Hamilton, Ohio  45013                       1980 West Broad Street
                                           Columbus, Ohio  43223

6/17
Filed 7/19/11
Sent to S.C. reporter 10/27/11