[Cite as *Feri v. Ohio Dept. of Transp.*, 2011-Ohio-4855.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ZANO FERI

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-09591

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On June 20, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶4}** On June 26, 2010, at approximately 4:25 a.m., Besnik Osmenaj was operating a semi-tractor trailer eastbound on U.S. Route 33 when he struck a tree that had fallen across the roadway. Plaintiff, the owner of the vehicle, filed a claim of negligence and seeks monetary relief for the damage to his vehicle.

**{¶5}** Defendant contends that it is entitled to summary judgment inasmuch as there is no evidence that it had notice that the tree was in a hazardous or unsafe condition.

**{¶6}** In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. As a general rule, defendant has a duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335. However, defendant is not an insurer of the safety of state highways. *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723, 730. In order for liability to attach to defendant for damages caused by hazards upon the roadway, plaintiff must demonstrate that defendant had actual or constructive notice of the existence of such hazard. *McClellan v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 247.

**{¶7}** In support of its motion, defendant submitted the affidavit of Ron Neuhauser, defendant's Hocking County Manager. Therein, Neuhauser avers:

**{¶8}** "8. * * * as part of overseeing the day-to-day operations of ODOT in Hocking County, complaint records of calls that are received relating to issues in/with the roadway are maintained. A review of the ODOT complaint records for issues with this area of the roadway for the six months prior to June 26, 2010 reveals no

complaints, notices, or responses relating to a tree in this area. If a complaint would have been received, it would have been recorded in the complaint records.

{¶9} "9. A review of the maintenance history for the area where the tree fell during the six months prior to the accident reveals thirty-two (32) occurrences of crews doing various forms of maintenance and patrols in this area of SR 33. Specifically, the records indicate that Planting/Care/Removal of Shrubs, Plants, Trees, and Bushes was conducted by road crews on May 19, 2010, less than a month before the accident occurred. Any trees in the area in question that appeared unhealthy or posed a risk of harm to motorists were [sic] been removed at this time. Further, additional inspections for potential roadway issues occurred when a litter patrol of this area was conducted on June 23, 2010, three days before this accident.

{¶10} "10. I personally inspected the tree as well as the site of where the tree fell. My inspection revealed that the tree that fell on SR 33 on June 26, 2010 was growing on private property, on the other side of the right-of-way fence, approximately thirty-five (35) feet from the edge of the roadway. In addition, the tree appeared healthy and there was no indication that the tree as [sic] going to fall. Green leafy foliage was still on the tree after it fell. Also, the tree did not appear to be rotted or decayed. Further no complaints/calls about a tree in this area were received prior to the day in question.

{¶11} "11. ODOT diligently guards against potential hazards to motorists, including trees that are unhealthy or appear to pose a risk of falling in proximity to the road. Further, it responds to hazards of which it has notice as soon as practical after observing or being advised of such hazards. In this case, ODOT crews had no reason to believe the tree in question was going to fall on the road. Also, when ODOT received notice of the obstruction, crews were sent immediately to remove the tree away from the roadway area."

{¶12} Civ.R. 56(E) provides in relevant part that:

{¶13} "When a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶14} The only permissible inference to draw from Neuhauser's uncontested affidavit is that defendant did not have actual or constructive notice of the tree in question before it fell across the roadway. Accordingly, defendant is entitled to judgment as a matter of law and its motion for summary judgment is GRANTED.[1] Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Emily M. Simmons                           Zano Feri
Assistant Attorney General                 42217 Parkside Circle, #111
150 East Gay Street, 18th Floor            Sterling Heights, Michigan 48314
Columbus, Ohio 43215-3130

HTS/dms
Filed August 10, 2011
To S.C. reporter September 22, 2011

---

[1] In light of this decision, defendant's July 8, 2011 motion to compel discovery is DENIED as moot.