[Cite as *Henderson v. Ohio Dept. of Transp.*, 2011-Ohio-6963.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MEGHAN J. HENDERSON,

  Plaintiff,

  v.

OHIO DEPARTMENT OF TRANSPORTATION,

  Defendant.

Case No. 2011-07583-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶1} On April 15, 2011, at approximately 3:45 p.m., plaintiff, Meghan Henderson, was traveling west on Interstate 270 when her automobile struck a pothole near State Route 315, causing damage to the right front rim.

{¶2} Plaintiff contends her property damage was proximately caused by negligence on the part of defendant, Department of Transportation ("DOT"), in failing to maintain the roadway. Consequently, plaintiff filed this complaint seeking to recover $154.79, the cost of associated repair expenses. The filing fee was paid.

{¶3} Defendant determined that plaintiff's incident occurred at milepost 22.94 on I-270 in Franklin County. Defendant denied liability based on the contention that no DOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's April 15, 2011 incident. Defendant related that, "[t]his section of roadway has an average daily traffic count" of over 140,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that the pothole existed

on I-270 prior to her incident.  Defendant suggests, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶4}  Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway.  Defendant explains that the DOT Franklin County Manager "conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month."  Apparently no potholes were discovered at milepost 22.94 on Interstate 270 the last time this roadway was inspected prior to April 15, 2011.  Defendant's records show five pothole patching operations were conducted on Interstate 270 in the same location as plaintiff's incident in the six months prior to plaintiff's damage-causing event.  Defendant maintains that if "ODOT personnel had detected any defects they would have been promptly scheduled for repair."

CONCLUSIONS OF LAW

{¶5}  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6}  In order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶7}  To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice, but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. No evidence has shown that defendant had actual notice of the damage-causing pothole.

{¶8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. There is no evidence of constructive notice of the pothole.

{¶9} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶10} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MEGHAN J. HENDERSON,

     Plaintiff,

     v.

OHIO DEPARTMENT OF TRANSPORTATION,

     Defendant.

Case No. 2011-07583-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                            _____
                                            DANIEL R. BORCHERT
                                            Deputy Clerk

Entry cc:

Meghan J. Henderson                           Jerry Wray, Director
1354 Bunker Hill Blvd.                       Department of Transportation
Apt. C                                           1980 West Broad Street
Columbus, Ohio 43220                    Columbus, Ohio 43223

9/6
Filed 9/13/11
Sent to S.C. reporter 1/27/12